TO PRESENT A DEFENSE CASE ON FINDINGS OR TO PREPARE A DEFENSE SENTENCING CASE.

and on the following specified issue:

WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S OPINION IN *UNITED STATES v. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

The decision of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further appellate inquiry and consideration on the assigned and specified issues.

The Court of Criminal Appeals will obtain an additional affidavit from the military trial defense counsel relating to the assigned issue, an issue that is broader in scope than a similar one raised below. That affidavit should address the military trial defense counsel's pretrial investigation, his preparation of a defense on the merits and a sentencing case, and his response to the post–trial affidavits of civilian trial defense counsel and Appellant. Under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2006), the Court of Criminal Appeals shall review the assigned issue in light of the affidavit and any other relevant matters. *See United States v. Ginn*, 47 M.J. 238 (C.A.A.F. 1997). If the court determines that a fact–finding hearing is necessary, that court shall order a hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967). Once the necessary information is obtained, the court will complete its Article 66(c), UCMJ, review. Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2006), shall apply. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 11–0567/AR. U.S. v. Eric L. Nordin. CCA 20090044. [See also APPEALS–SUMMARY DISPOSITIONS this date.]

